# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JUAN BARNES                           *
    Plaintiff                        *
        v                              *     Civil Action No. DKC-13-281
OFFICER THOMAS KELLY, et al.          *
    Defendants                       *
                   ***

## MEMORANDUM OPINION

Pending are Defendants' Motions to Dismiss the above-captioned civil rights complaint. ECF Nos. 14 and 18. Plaintiff was advised of his right to file a response to the motions and of the consequences of failing to do so, but has failed to respond to the motions.[1] ECF Nos. 15 and 19. For the reasons that follow, Defendants' motions will be granted.

## Background

Plaintiff alleges that on September 12, 2009, he exited a grey Ford Focus accompanied by Anthony Renard Blackwell, who had rented the car. ECF Nos. 1 and 3. Plaintiff and Blackwell parked the car on the 400 block of Park Place in Hagerstown, Maryland and began walking to Potomac Street, a few blocks away. ECF No. 3 at p. 3. As the two men began walking down the street they noticed a police car was following them, but Plaintiff claims he thought nothing of it since he was not breaking the law. *Id*. Plaintiff states the police car followed him and his friend for several blocks before turning down another street. *Id*.

After Plaintiff and Blackwell reached their destination on Potomac Street, Plaintiff claims they walked outside to smoke a cigarette and the police officer pulled up, asking for identification. ECF No. 3 at p. 4. Plaintiff states he first gave the officer a false name because the officer knew his name from a previous claim Plaintiff filed against him. ECF No. 1. In his amended Complaint, Plaintiff claims he told the officer he did not have identification with him.

---

[1] Plaintiff was granted an additional period of time within which to file a Response in Opposition. ECF No. 17.

ECF No. 3 at p. 4. After Plaintiff's response, the officer told Plaintiff to put his hands up and "proceeded with the *Terry*[2] frisk." *Id*. During the search the officer put his hands in Plaintiff's pockets and removed the keys. *Id*. A second officer arrived on the scene and searched Blackwell, uncovering a bag of marijuana. *Id*. Plaintiff was then ordered into the back of the police car and was driven back to Park Place, where the rental car had been parked. *Id*.

Upon arriving at Park Place, Plaintiff claims there were numerous officers present and Officer Kelly asked for permission to search the car. Plaintiff advised the car was not his and told Kelly to ask Blackwell for permission since it belonged to him. Plaintiff claims Kelly told him there was a gun in the car and Plaintiff stated, "if it was it's none of my business." ECF No. 3 at p. 4. At that time, Plaintiff was handcuffed and taken to jail. *Id*.

Plaintiff asserts he remained in jail until March 23, 2010, when he was found not guilty. He alleges Kelly had no probable cause to search, detain, or arrest him and as a result of the arrest his probation and parole were "violated," and he "wasted attorney's fees." *Id*. Plaintiff explains he was not supposed to be around guns, but Blackwell had never informed him there was a gun in the car. *Id*.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the

---
[2] *See Terry v. Ohio*, 392 U.S. 1 (1968).

"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S.Ct. 1955, 1964-65 (2007) (footnotes omitted.). This standard does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 1968-69. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

Michele Hansen

Defendant Hansen, Assistant State's Attorney who prosecuted Plaintiff's criminal case, asserts there are no specific allegations raised against her in the Complaint or the Amended Complaint. Indeed, the only mention of her name is in the list of named Defendants for whom Plaintiff requested service. *See* ECF No. 1. Hansen asserts the Complaint fails to comply with

Fed. R. Civ. Proc. 8, making it subject to dismissal. ECF No. 14 at p. 7. Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989). Where, as here, there are no direct allegations against a Defendant there is no notice to the Defendant enabling her to fashion a defense against the assertions against her.

Moreover, to the extent the Complaint as to Hansen was intended to raise a constitutional claim for her participation in Plaintiff's criminal prosecution, Hansen enjoys absolute immunity for her role as a prosecutor. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, Hansen enjoys absolute immunity and her Motion to Dismiss will be granted. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996).

<u>Officer Kelley and the City of Hagerstown</u>

Plaintiff's claims against Kelley and the City of Hagerstown include a Fourth Amendment claim as well as state law claims for false arrest, false imprisonment, and negligence. Defendant Kelley asserts that Plaintiff was arrested on September 12, 2009, and that same day appeared in the District Court for Washington County on charges of firearm possession

by a felon and possessing a handgun in a vehicle. ECF No. 18 at Ex. 1. A criminal information charging Plaintiff with the aforementioned crimes as well as driving without a license and driving a motor vehicle in violation of the rental agreement, was filed in the Circuit Court for Washington County on November 9, 2009, and his initial appearance on the charges occurred on November 17, 2009. *Id*. at Ex. 2.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), citing *Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101. A cause of action accrues under federal law "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Brooks v. City of Winston-Salem*, 85 F. 3d 178, 181 (4th Cir. 1996) (citations omitted). Ordinarily, causes of action for unlawful search will accrue on the date of the alleged incident. *See Gray v. State of Maryland*, 228 F. Supp. 2d 628, 635 (2002). Claims for false arrest ordinarily accrue when the individual is presented before a neutral magistrate for the first time. *See Wallace*, 549 U.S. at 1096.

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal under Rule 12(b)(6) may be proper

"when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston–Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

Plaintiff possessed sufficient knowledge of the facts underlying his claim for unlawful search and seizure on September 12, 2009, the date of his initial appearance in District Court; or in the alternative, November 17, 2009, the date of his appearance in Circuit Court. The instant Complaint was filed on January 24, 2013, more than three years after the either operative date for the running of the statute of limitations. Thus, Plaintiff's Fourth Amendment claim is time-barred.

With respect to Plaintiff's claim against the City of Hagerstown, he has failed to allege facts sufficient from which a pattern or practice of constitutional significance might be gleaned. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978); *see also*, *Zepp v. Rehrmann*, 79 F.3d 381, 385 (4th Cir.1996); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Liability can be imposed against a municipality and its decision-makers only where some custom, practice, or policy of the municipality itself is the proximate cause of the constitutional violation. *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999); *Jones v. Ziegler*, 894 F. Supp. 880, 889 (D. Md. 1995), *aff'd sub nom. Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Hector v. Weglein*, 558 F. Supp. 194, 200 (D. Md. 1982). Municipal policy arises from written ordinances, regulations, and statements of policy, *Monell* at 690, decisions by municipal policymakers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986), and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

To the extent the City of Hagerstown is named as a Defendant for purposes of *respondeat superior* liability, the claim also fails. It is well established that the doctrine of *respondeat*

*superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir.2004) (no *respondeat superior* liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no *respondeat superior* liability in a *Bivens* suit). Thus, Plaintiff's claims as to the City of Hagerstown must be dismissed.

Pendent State Law Claims

A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim. *See* 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Dismissal without prejudice of pendent state claims or a decision to remand the claims to the state courts "is particularly appropriate where they involve genuinely unsettled questions of state law." *Baker, Watts & Co. v. Miles &Stockbridge*, 876 F. 2d 1101, 1109 (4th Cir. 1989), citing *Rosado v. Wyman*, 397 U.S. 397, 402 – 05 (1970). In light of the clear undisputed failure by Plaintiff to comply with the notice requirements of Maryland's Local Government Tort Claims Act[3] and the untimeliness of the Complaint, however, the state law claims are clearly procedurally barred and do not involve unsettled questions of state law. Accordingly, the state law claims shall be dismissed with prejudice.

A separate Order follows.


Date:  July 18, 2013                              /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[3] Md. Cts & Jud. Proc., Code Ann. §§5-301 *et seq*.